Donald W. Yager, Jr., Esq. County Attorney, Cortland
I am writing in response to your request for an opinion concerning appointment of counsel under section 254 of the Family Court Act, which was referred to us by the Office of Court Administration.*
Your request arises in the context of extension hearings held pursuant to section 756 of the Family Court Act. Section 756 provides guidelines for the placement of persons who have been adjudicated to be "Persons in Need of Supervision" (PINS) under article 7 of the Family Court Act (Family Court Act, §§ 711, et seq.). Following the initial placement pursuant to section 756, the statute also provides for extension of the period of placement:
 "In any case in which the child has been placed pursuant to section seven hundred fifty-six, the child, the person with whom the child has been placed, the commissioner of social services or the division for youth may petition the court to extend such placement. Such petition shall be filed at least sixty days prior to the expiration of the period of placement, except for good cause shown, but in no event shall such petition be filed after the original expiration date" (Family Court Act, § 756-a[a]).
The statute provides that "the [county] commissioner of social services . . . may petition the court to extend such placement" (ibid.). Your question is whether the county attorney or the county department of social services attorney is obligated to appear at the extension hearing.
Cortland County has both a county attorney's office and a counsel for the county department of social services. You have informed us in a telephone conversation that in the past, pursuant to an informal agreement, the county attorney's office has handled all aspects of PINS and juvenile delinquent proceedings (including extension hearings), while the duties of the counsel at the county department of social services included support, welfare and paternity matters.* The county attorney's office has indicated that it will no longer appear in court for extension hearings, and you have asked us to determine, in the event of a Family Court direction that the county appear at the hearing, which of the two attorneys is required to appear.
Section 254 of the Family Court Act requires a county attorney or corporation counsel to appear in support of any petition brought under the Family Court Act when requested to do so by a Family Court judge (Family Court Act, § 254[a]; 1975 Op Atty Gen [Inf] 92). Although this section provides that the court may request "the appropriate county attorney to present the case in support of the petition", this reference to the "appropriate county attorney" does not resolve the issue. It is unclear whether the word "appropriate" refers to the appropriate person on that county attorney's staff, or the appropriate attorney employed by the county, which would include the county department of social services attorney.
Section 66 of the Social Services Law deals with appointment of attorneys to perform duties associated with social services matters and reads in relevant part as follows:
 "The legislative body of the county may authorize the appointment of any number of deputy commissioners of social services, physicians to care for sick persons in their homes, other assistants and employees, including attorneys to perform duties it considers necessary to carry out the provisions of this chapter. However, such legislative body may also authorize that such attorneys, in addition to performing the duties assigned to them by the county commissioner, may be deputized by the county attorney to perform duties on his behalf in connection with the work of the social services department" (Social Services Law, § 66[1]).
Clearly, this section gives the county legislative body authority to appoint attorneys in the department of social services, and charges them with specific duties including the duty to represent the county in section 756 extension hearings. Also, consistent with the legislative body's authorization of attorneys and assignment of duties, the commissioner of social services may assign duties to his attorneys. The section also allows the county board to delegate to the county attorney the authority to assign to attorneys in the social services department additional duties relating to that department's purpose:
 "[S]uch legislative body may also authorize that such attorneys . . . may be deputized by the county attorney to perform duties on his behalf in connection with the work of the social services department" (ibid.).
Notably, this power of the county attorney to deputize attorneys in the department of social services must be authorized by the county board.
In the absence of any specific delegation of duties by the county legislative body, the commissioner of social services, or the county attorney under Social Services Law, § 66, in our view the county attorney's office would be responsible for responding to a request for representation. This responsibility is consistent with the county attorney's duty to "prosecute and defend all civil actions and proceedings brought by or against the county, the board of supervisors and any officer whose compensation is paid from county funds for any official act" (County Law, § 501[1]). If this situation is not workable, the county legislative body could arrange for social services attorneys to assume these duties.
We conclude that a county's legislative body may assign to attorneys in its department of social services the responsibility to represent the county's interest in an extension hearing pursuant to Family Court Act, § 756-a. In the absence of these arrangements, however, the county attorney's office is responsible for appearing pursuant to a request from a Family Court judge.
* The Cortland County Attorney's office has informed us that it joins in your request.
* You have also informed us that the division of duties between the county attorney's office and the department of social services attorneys differs from county to county throughout the State.